Raymond **OBENDORFER**, Executor of the Estate of Herbert Obendorfer, Deceased

v.

**SALOMON BROTHERS & HUTZLER.**

Civ. A. No. 38410.

United States District Court E. D. Pennsylvania.

Dec. 14, 1966.

**460**

Takiff, Gottlieb, Bolger & Murphy, Philadelphia, Pa., for plaintiff.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

The plaintiff herein seeks an accounting from the defendant partnership (a broker-dealer in securities) of all unrealized profits allegedly due to the Estate of Herbert Obendorfer, a deceased member of the partnership.

Cross-motions for summary judgment[1] have been filed, based upon the pleadings, affidavits and an agreed statement of facts (Document No. 9).

Herbert Obendorfer was a partner in the defendant partnership from October 1, 1955, until his death on September 16, 1962. The plaintiff contends that, under Section 11(b) of the operative partnership agreement, which embodies the procedure for settlement between the partnership and the estate of a deceased partner, the Obendorfer Estate is entitled to an accounting of and to share in any unrealized profits of the defendant partnership. The defendant partnership does not so construe Section 11(b) of the agreement.

Section 11 is captioned: *"Financial settlement with ex-partner or his legal representatives:"* Subsection (a) thereof provides for an accounting to the legal representatives of a deceased partner for his interest in the partnership and its assets "as of the end of the calendar month during which such partner shall have become an ex-partner."

Subsection (b) provides:

"(b) As soon as practicable after such accounting date the remaining general partners shall cause to be prepared a statement setting forth the value of the interest of such ex-partner in the partnership and the partnership assets and any amounts due from the partnership to such ex-partner or his legal representatives. In the computations reflected in such statement, no value shall be assigned to goodwill, the right to use the firm name, office furniture and equipment, or office records, such as customers' lists, files or statistical data. In such computations there shall be taken into account unrealized profits and gains or losses on securities, arbitrages, underwritings, and other open transactions, to the extent, and only to the extent, that a majority of the administrative partners, or of the remaining administrative partners, as the case may be, in their absolute discretion, shall deem it equitable so to do. Such statement shall also set forth any sums which may be or become due to the partnership from such ex-partner or his legal representatives, and in general may be of such character as may be determined by a majority of the administrative partners, or of the remaining administrative partners, as the case may be. All questions arising in the determinations reflected in such statement shall be settled by the decision of a majority of the administrative partners, or of the remaining administrative partners, as the case may be, and such decisions shall be final,

---

1. The plaintiff also has filed motions to dismiss Counts One and Two of the defendant's counterclaim, and to strike, as insufficient, the second, third, fourth, fifth, sixth, seventh, eighth and ninth defenses contained in the defendant's answer. Since the briefs of counsel and argument were restricted to the motions for summary judgment, we express no opinion on the merits of these motions.

conclusive, and binding on all parties in interest."

The defendant partnership contends that the administrative partners exercised their vested right of absolute discretion under Section 11(b) in a reasonable manner in declining to award any unrealized profits and gains or losses to the Estate of the deceased partner.[2]

The record now before us does not disclose whether there were any unrealized profits and the amount thereof, if any. This issue is a subject of complete disagreement between the parties.

Moreover, as set forth in paragraph 7 of the Agreed Statement of Facts[3] it is averred that *"among other things"* the administrative partners considered certain identified factors in making their determination not to award any unrealized profits to the legal representatives of the deceased partner. Exactly what "other things" were considered by the administrative partners in reaching their conclusion does not appear of record, thus raising further potentially material factual issues. It may appear upon trial that improper motivation, such as self-interest, materially affected the "absolute discretion" of a majority of the administrative partners to a degree sufficient to render their decision arbitrary and *inequitable* under Section 11(b).

We do not suggest that such motivation did affect the decision of the partners, but there are so many unascertained facts in the case, that it is impossible for us to conclude, as a matter of law, that there are no material issues for trial.

Accordingly, we enter the following

### ORDER

Now, this 14th day of December, 1966, it is ordered that

(1) the motion of the plaintiff for summary judgment be, and it is, denied;

(2) the motion of the defendant for summary judgment be, and it is, denied.

---

2. Under Section 11(c) of the partnership agreement, the administrative partners forwarded to the Estate of Herbert Obendorfer, a statement of the value of the decedent's interest in the partnership which amounted to $780,996.99 and tendered a check in like amount to the plaintiff. See Exhibit "B" attached to the Agreed Statement of Facts. No mention is made of unrealized profits and gains or losses in the statement.

3. "7. Following the death of Herbert Obendorfer, a majority of such administrative partners considered the terms of the financial settlement to be made with the Estate of Herbert Obendorfer. After consideration, such administrative partners determined that unrealized profits and gains should not be taken into account in valuing the interest of Herbert Obendorfer in defendant partnership, and un-realized profits and gains were therefore not taken into account in valuing the interest of Herbert Obendorfer in defendant partnership and no payment was made to his estate with respect thereto. In making this determination, such administrative partners considered, *among other things*, that it was the general policy of the partnership not to make an award to a former partner or his personal representatives with respect to unrealized profits and gains, that during the time Herbert Obendorfer was a partner he had received substantial payments from realized gains and profits of the partnership, and that Herbert Obendorfer was not among the partners responsible for the management of the 'office investment account,' which produced virtually all the unrealized profits and gains of the partnership." (Emphasis ours.)